904 F.2d 36
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary Bernard SANDERS, Plaintiff-Appellant,
v.
STATE OF TENNESSEE; Charles Cubine, Cpl.; Nimmo, CO 1;
Pam Tankersely; Terry Richard, Defendants-Appellees.
 No. 89-6118.
 United States Court of Appeals, Sixth Circuit.
 June 7, 1990.
 
 1
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and PATRICK J. DUGGAN, District Judge.*
 
 ORDER
 
 2
 Gary Bernard Sanders, a pro se Tennessee prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory and injunctive relief, Sanders sued the state of Tennessee and four employees at the Fort Pillow Prison alleging that they violated his constitutional rights when they intercepted, searched and seized his legal mail. Sanders alleged that since June 1985, he has attempted to obtain the trial transcripts and documents of his criminal trial. He alleged that he sent several letters to the State Archives requesting the information. These letters were apparently routed through the Department of Corrections and eventually were placed in his institutional files. Sanders also complained that one letter dated April 13, 1986 was never mailed by the prison post office. The district court granted the defendants' motion for summary judgment, finding that the doctrine of collateral estoppel precluded Sanders from relitigating the issue regarding interference with his mail.
 
 
 4
 On appeal, Sanders reasserts his claims and requests the appointment of counsel.
 
 
 5
 Upon review, we deny the request for counsel and affirm the district court's judgment because the claims are clearly barred under the doctrine of collateral estoppel. See In re Long Distance Telecommunications Litigation, 831 F.2d 627, 635 (6th Cir.1987); Anchor Motor Freight, Inc. v. International Bhd. of Teamsters, 700 F.2d 1067, 1070 (6th Cir.), cert. denied, 464 U.S. 819 (1983).
 
 
 6
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, U.S. District Judge for the Eastern District of Michigan, sitting by designation